FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 02 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMIE HARTMAN   PLAINTIFF
a/k/a Jamie Michaels
v.                          4:23CV511-LPR

CITY OF SHERWOOD,
ARKANSAS   DEFENDANT

### COMPLAINT

Plaintiff Jamie Hartman[1], by and through counsel, the Koch Law Firm, P.A., for her Complaint, states:

### PARTIES AND JURISDICTION

1. This is an action to secure a remedy for damages to a citizen and employee under Title VII of the Civil Rights Act of 1964, as amended, and the Arkansas Civil Rights Act of 1993, codified at Ark. Stat. Ann.§ 16-123-105 (hereinafter "ACRA").

2. Plaintiff Jamie Hartman is a resident of Faulkner County, Arkansas. She is—and was at all times relevant to this lawsuit—an employee of the Sherwood Police Department, which is a department of Defendant City of Sherwood. All the events giving rise to this action arose from that employment relationship and occurred in Pulaski County, Arkansas.

3. Defendant City of Sherwood is a municipal corporation organized and existing under the laws of the State of Arkansas. Defendant corporation is located in Pulaski County, Arkansas, and employs more than 15 fulltime persons.

---

[1] Jamie Hartman's previous legal (married) name was Jamie Michaels, and many of the documents and other exhibits that will become part of the record in this case will be under the name Jamie "Michaels." However, because Plaintiff's legal name is now Hartman, this action is thus styled.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Ervin

1

4. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331 and 28 U.S.C.§1343(a)(3), and this Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367. This Court has personal jurisdiction over the parties, and venue is proper under 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS OF FACT

5. The Sherwood Police Department has a poor track record in promoting women and minorities. As of December of 2020, Plaintiff is aware of only five female supervisors (among certified police staff) in the city's history: Cheryl Williams, Bernadette Russell, Beverly Hughes, Pamela Hopkins, and Plaintiff. Of those five, every single one—with the possible exception of Russell—has filed at least one federal or state lawsuit, or a charge with the Equal Employment Opportunity Commission ("EEOC"), against Defendant alleging some form of gender discrimination and/or retaliation. (Additionally, numerous other female employees or job applicants who were not supervisors have filed such actions accusing Defendant of gender discrimination and retaliation violations.) Either these female police supervisors are a remarkably litigious bunch, or Defendant's police department seems to have trouble hiring and promoting female employees.

6. Plaintiff was originally employed by Defendant as a dispatcher/detention officer in May of 2003. She performed well as a detention officer, and in March 2004 she was hired as a full-time patrol officer. Plaintiff performed well as a patrol officer and in May 2009 she was promoted to the rank of sergeant. She performed well as a sergeant and in January 2012 was promoted to the rank of lieutenant. She has been a fulltime employee of the Sherwood Police Department for more than 20 years.

7. In March 2014, Plaintiff filed a complaint against Defendant in federal court—along with an EEOC charge—alleging, *inter alia,* gender discrimination.

8. In August 2015, Plaintiff's 2014 federal lawsuit was dismissed by agreement of the parties after a settlement conference.

9. After her 2014-2015 EEOC charge and successful lawsuit against Defendant, Plaintiff continued to suffer disparate treatment based on her gender and disparate and oppressive treatment in retaliation for her legal actions (which qualified as protected activity under relevant federal statutes) against Defendant. For example, Plaintiff was not afforded an equal opportunity to receive additional training that would help her continue to attain rank withing the department.

10. In April 2020, Plaintiff took the civil service test for consideration for the rank of captain. In May 2020, the department certified a hiring list for the position of captain within the department. Bill Michaels (Plaintiff's ex-husband) was certified as number one on the promotion list. Plaintiff was certified as second on the list, while another (male) employee, Ray Hogan, was certified as third on the list.

11. Defendant chose to skip over Plaintiff and promote Ray Hogan to the rank of captain, even though Hogan is less educated, has less time in service at the Sherwood Police Department, and is otherwise less qualified for that position.

12. Plaintiff filed an EEOC charge alleging discrimination and retaliation over Hogan's promotion, and on October 26, 2021, Plaintiff filed a lawsuit to address that issue. *See* Case No. 4:21-CV-974 (KGB). That lawsuit is ongoing as of this filing.

13. Nepotism, marriage, and romantic relationships—and the associated personnel conflicts and problems that arise from such relationships—between officers within the Sherwood Police Department is historically pervasive and sordid. However, the manner in which persons

involved in such relationships are judged depends upon the gender of the person being judged: When men engage in promiscuous behavior or have relationship problems, management at the Sherwood Police Department is quick to forgive and forget—adopting the age-old "boys will be boys" temperament and taking the position that the behavior does not likely affect the person's job at the police department. However, if a female employee dares engage in—or is even rumored to have engaged in—some behavior where propriety might be questioned or that might offend the prudish among us, those females are judged harshly, as can be seen in the present situation.

14. Giving deference to persons with a military background is not only bad public policy—a point that was well known to Defendant's managers—it also unlawfully oppresses females who wish to obtain rank by giving preference and deference to a non-related male-dominated military background when such preference is not relevant and is unwarranted because military experience is not useful in civilian police operations and, indeed, is considered by many experts to be highly detrimental and dangerous to police operations.

15. After Plaintiff was passed over for promotion in December 2020 (the center point of Plaintiff's October 2021 lawsuit), she again tested for promotion for the position of captain. Plaintiff came out number one on the promotion list.

16. On or about July 1st, 2022—during the discovery phase of her October 2021 lawsuit—Plaintiff was notified that she was once again passed over for promotion, and another lesser-qualified male (Scott Hicks) was promoted to captain instead.

17. On or about October 23, 2023, Plaintiff was notified that she was once again passed over for promotion, and another lesser-qualified male (James Harper) was promoted to captain instead.

18. During the ongoing litigation of her October 2021 lawsuit, Plaintiff suffered

4

retaliation from Defendant. For example: Plaintiff was given a letter of reprimand for petty infractions for which similarly-situated males would not have been disciplined, and she was—and continues to be—assigned to work away from the police department in other areas of the city, where she is isolated from her coworkers.

19. Plaintiff subsequently filed another EEOC charge for the 2022 discrimination and retaliation issues.

20. On March 6, 3023, the EEOC issued a right to sue letter on the additional allegations from her second EEOC charge. (That right to sue letter is attached hereto.)

21. During the most recent EEOC investigation, Defendant—on or about February 9, 2023—promoted Plaintiff to captain, but she remains assigned away from the police department and has not been given police duties to perform. She has effectively been promoted to supervise the city dog catcher.

22. Defendant engaged in the behaviors described herein as part of its routine policies and practices, and those policies and practices include discrimination against women in the workplace and retaliation against employees who engage in protected activity in the workplace.

23. Defendant, to absolve itself from responsibility or liability in promotion matters, has recently incorporated a promotion strategy wherein the chief of police petitions promotion "recommendations" from police department supervisors. Although the persons making the recommendations are given no meaningful instruction or standards or criteria to use or consider in determining their recommendations, Defendant takes the position that it places much emphasis on these supervisor recommendations. However, the chief of police has much influence over the persons making the "recommendations;" and because of the city's previous discriminatory hiring and promotion practices these recommendations come mostly from males who are of the same

mindset and who fit comfortably into the unbalanced male-heavy pattern that has always been used by Defendant administration for hiring and promotion.

24. This practice of soliciting "recommendations" by other supervisors results in further discrimination when the candidate for promotion is assigned such that they never or almost never work with the persons making the recommendations (as has been the case for the Plaintiff for the past couple of years during her ongoing 2021 lawsuit). This practice makes it easy for management to alienate the candidate it sees as undesirable (in Defendant's case, that usually means the woman) and control the outcome of the "recommendations," while creating the illusion that the decisions are being made by uninterested third parties outside of management's control, thus apparently absolving management of any responsibility.

25. As a direct and proximate cause of Defendant's acts and omissions as alleged herein, Plaintiff has suffered wage loss, loss of fringe benefits, physical pain and suffering, emotional pain and distress, humiliation, harm to reputation, and other compensable damages; also, Plaintiff has incurred expenses that she would not have otherwise incurred in such amounts to be proved at trial.

### COUNT ONE: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

26. Defendant's actions as described were unlawful in violation of the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964.

### COUNT TWO: RETALIATION IN VIOLATION OF TITLE VII

27. Defendant's actions as described were unlawful in violation of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964.

## COUNT THREE: GENDER DISCRIMINATION UNDER ACRA

28. Defendant's actions as described were unlawful in violation of the anti-discrimination provisions of Arkansas Civil Rights Act.

## COUNT FOUR: RETALIATION IN VIOLATION OF ACRA

29. Defendant's actions as described were unlawful in violation of the anti-retaliation provisions of the Arkansas Civil Rights Act.

## REMEDIES SOUGHT

30. Plaintiff seeks injunctive and declaratory relief, orders for Defendant to cease all forms of discrimination and retaliation, and court oversight in future promotions within the department until such a time as Defendant can demonstrate that its policies and practices of discrimination and retaliation have been eliminated.

31. Plaintiff seeks backpay with interest, including all fringe benefits and accumulation of leave.

32. Plaintiff seeks compensation for pain and suffering, emotional distress, embarrassment and humiliation, and other damages that may be proved in discovery or at trial.

33. Plaintiff seeks liquidated damages, if applicable.

34. Plaintiff seeks costs of litigation and attorney fees.

## JURY TRIAL DEMAND

35. Plaintiff respectfully demands a trial by jury on all counts.

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor and against Defendant as follows:

   a. that Defendant intentionally, and with malicious or reckless indifference to her rights under federal and state law, interfered with Plaintiff's rights under the Title VII and the Arkansas Civil Rights Act;

   b. that Plaintiff be awarded compensatory damages in amounts to be determined by a jury;

c.  that Plaintiff be awarded liquidated damages;

d.  that Plaintiff be awarded reasonable attorney fees and costs of litigation;

e.  that Plaintiff be awarded pre-judgment interest;

f.  that Defendant be ordered to restructure its hiring and promotion practices such as to protect applicants and employees from unlawful hiring and promotion practices;

g.  that Defendant's hiring and promotion practices be supervised by the Court until the practice of unlawful discrimination is eliminated;

h.  that Plaintiff be awarded injunctive and declaratory relief, and that Plaintiff be awarded such other relief as this Court may deem just and proper;

>Respectfully submitted,
>
>Koch Law Firm, P.A.
>P.O. Box 7048
>North Little Rock, AR 72124-7048
>(501) 223-5310 office
>(501) 223-5311 facsimile
>reggie@reggiekoch.com
>
>By: _____
>Reggie Koch, Ark. Bar #2005125

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Little Rock Area Office
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/06/2023

**To:** Jamie Hartman
9 Golden Meadows Cabot AR 72023
CABOT, AR 72023
Charge No: 493-2023-00494

EEOC Representative and email:    ANABEL GRUNAUER
Federal Investigator
anabel.grunauer@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party already filed in court on related charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 493-2023-00494.

On behalf of the Commission,

Digitally Signed By:Edmond Sims
03/06/2023

Edmond Sims
Acting District Director