UNITED STATES DISTRICT COURT
EASTERN DISRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| JAMIE HARTMAN<br>a/k/a Jamie Michaels | | PLAINTIFF |
| v. | 4:23-cv-511-LPR | |
| CITY OF SHERWOOD,<br>ARKANSAS | | DEFENDANT |

### ANSWER

COMES NOW Defendant City of Sherwood, Arkansas, by and through its attorneys Friday, Eldredge & Clark, LLP, and for its Answer to Plaintiff's Complaint states as follows:

1. Paragraph 1 of the Complaint does not contain any facts requiring an answer. To the extent that paragraph 1 attempts to allege a violation of the cited statutes, the allegations are denied.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits the women named in Paragraph 5 are or were employed by the City of Sherwood. Defendant admits that some filed EEOC charges or lawsuit, a fact not uncommon for an employer the size of the City of Sherwood. It is also not uncommon for employees to make unfounded allegations of discrimination or retaliation or other claims when they disagree with the decisions of their employer. Defendant denies any retaliation or discrimination against these women, whose individual employment situations are different than the other, and different than Hartman's. The last sentence is not an assertion of fact that requires a response, but rather rhetoric. To the extent that a response to the last sentence is required,

1

Defendant denies any discrimination against these female police supervisors or any other female employees. Defendant denies the remaining allegations in paragraph 5.

6. Defendant admits Plaintiff's timeline regarding Plaintiff's hiring and promotions, but denies the allegation or implication that she always performed well in those roles. Her discipline history and the complaints about her speak for themselves and were appropriately considered by Defendant. Defendant denies the remaining allegations in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7 but denies the allegations in that prior charge or suit.

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant admits the allegations in paragraph 10, but affirmatively states that the written policy allows and the actual practice of the department confirms that the department is free to and actually does promote from among the top three ranked candidates for any given promotion. In fact, the applicable rules require the Police Chief to promote the candidate whom the Chief believes is the most qualified from these three candidates. Plaintiff only scored 1.3 points higher than Hogan because she received six extra "education" points for her master's degree. Defendant denies any implication that the numerical difference in Plaintiff's score or Hogan's score or their ranks is evidence of discrimination or retaliation and denies the remaining allegations in Paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant admits the allegations contained in paragraph 12 but denies the allegations in that prior charge or suit.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14 and disagrees with Plaintiff's opinion as to what is bad public policy, which is nothing more than an attack on Defendant's business judgment. Defendant is without sufficient information as to what unidentified "experts" might opine and therefore denies same. Such opinions would also constitute an unwarranted and irrelevant attack on Defendant's business judgment and would not be indicative of discrimination or retaliation.

15. Defendant denies that Plaintiff was "passed over" insofar as such allegation suggests that Plaintiff was entitled to a promotion or more qualified than others for a promotion. Defendant admits that Plaintiff scored number one on the numerically scored written exam for captain. This exam and the score therefrom are, however, just one of multiple factors used to make promotion decisions. Defendant denies all other allegations contained in paragraph 15.

16. Defendant admits that Plaintiff was not selected for promotion and was notified on or about July 1, 2022. Defendant denies that a "lesser-qualified male" was promoted and denies all other allegations contained in paragraph 17.

17. Defendant admits that Plaintiff was notified on or about October 23, 2023, that Plaintiff was not selected for promotion to Captain. Defendant denies that a "lesser-qualified male" was promoted and denies all other allegations contained in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant admits the allegations contained in paragraph 19 but denies the allegations in the referenced EEOC charge.

20. Defendant admits that the EEOC dismissed Plaintiff's charge and that it mailed the dismissal on March 6, 2023.

21. Admit that Plaintiff was promoted to Captain on or about February 9, 2023. Defendant denies the remaining allegations contained in paragraph 21 and implication that Defendant has discriminatorily assigned Plaintiff to perform other job duties.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant admits that recommendations from supervisory personnel within the police department are considered as part of Defendant's promotion decision-making process. Deny all other allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies Plaintiff is entitled to any of the relief requested in paragraph 30.

31. Defendant denies Plaintiff is entitled to any of the relief requested in paragraph 31.

32. Defendant denies Plaintiff is entitled to any of the relief requested in paragraph 32.

33. Defendant denies Plaintiff is entitled to any of the relief requested in paragraph 33.

34. Defendant denies Plaintiff is entitled to any of the relief requested in paragraph 34.

35. Defendant joins Plaintiff's request for a jury trial.

36. Defendant denies Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" Paragraph, including sub-parts a-h.

37. Defendant denies all allegations made in Plaintiff's Complaint not specifically admitted herein.

38. Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations and/or her failure to exhaust administrative remedies.

39. Plaintiff's Complaint fails to state a claim for which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

40. To the extent that Plaintiff's Complaint attempts to allege a cause of action for compensatory or punitive damages, said allegations are insufficient upon which to base such an award.

41. Defendant affirmatively states that as to all causes of actions and claims in the Complaint, Defendant did not have the requisite intent, discriminatory animus, or motive with respect to the actions taken toward Plaintiff.

42. Defendant affirmatively states that Plaintiff's claims for compensatory and punitive damages are limited by any applicable statutory limits.

43. All employment actions challenged by Plaintiff's Complaint were based on legitimate nondiscriminatory and non-retaliatory reasons, and/or in a good faith belief that such actions were lawful.

44. Defendant reserves the right to plead further, including asserting additional affirmative defenses as discovery and investigation may reveal.

WHEREFORE, having fully answered, Defendant prays the Court dismiss Plaintiff's Complaint with prejudice, she take nothing thereon and the Court award Defendant its attorney's fees and costs associated with the defense of this action and for all other just and proper relief.

                      Respectfully submitted,

                      Khayyam M. Eddings (ABA #2002008)
                      Mark K. Cameron (ABA #2021193)
                      Friday, Eldredge & Clark, LLP
                      2000 Regions Center
                      400 West Capitol Avenue
                      Little Rock, AR 72201
                      501-370-1417
                      501-537-2903 Fax
                      keddings@fridayfirm.com
                      mcameron@fridayfirm.com